IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>INTERNATIONAL HOUSE OF PANCAKES,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4172 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, Plaintiff Jean Emmanuel Rodriguez alleges, <u>inter alia</u>, a violation of the Civil Rights Act of 1964 for racial discrimination after he was not hired for a job with an IHOP restaurant located in Mays Landing, New Jersey. [Docket Item 1-1 at 6-7.] Defendant AT Corp. d/b/a IHOP ("IHOP") removed the case from the Superior Court of New Jersey, Atlantic County, where Plaintiff filed it <u>pro se</u>, to this Court [Docket Item 1] and subsequently filed the instant motion to dismiss or for a more definite statement. [Docket Item 5.] IHOP claims that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed opposition.[1] For the reasons

---

[1] Plaintiff's deadline to file opposition expired on August 1, 2016. The Court sent a letter to Plaintiff on February 15, 2017 advising him of the opportunity to oppose Defendant's Motion to Dismiss and granting him an additional fourteen days within which to file his opposition, if he chose to do so. [Docket Item

discussed below, the Court will grant Defendant's motion to dismiss.[2] The Court finds as follows:

1. The facts of this case are imprecisely alleged in Plaintiff's original complaint. Plaintiff applied for employment as a server/bus-person/dishwasher at an IHOP restaurant in Mays Landing, New Jersey, on April 27, 2016. [Docket Item 1-1 at 4.] Plaintiff claims that he was denied "employment based on race and not plaintiff's ability to perform the task required." Plaintiff states that Defendant's "only concern was the plaintiff's ability to communicate to employees that did not speak English" and not his ability to perform the duties of the position. [Id. at 9.] Plaintiff alleged that "ethnicity was the primary factor to acquiring the job." [Id. at 10.] Plaintiff did not specify his race or ethnicity, or detail further his ability (or not) to speak English or any other language. He did not offer any further details about the hiring process or why he believed the hiring process had been discriminatory and biased.

---

9.] The Court also stated in this letter that, should the Court not receive an opposition in writing from Plaintiff, it would treat Defendant's motion as unopposed. [Id.] To date, the Court has not received any opposition from Plaintiff, nor any filings by Plaintiff after this case was removed on July 11, 2016.
[2] Because Plaintiff asserts a claim under the Civil Rights Act of 1964, the Court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2

Plaintiff sought damages for discrimination, his lost time, and distress. [Id.]

2. When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). A pro se complaint in particular should be construed liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

3. A motion to dismiss may be granted only if the court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To determine if a complaint meets this pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian

v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

4. After reviewing Plaintiff's Complaint, the Court agrees with Defendant's argument that Plaintiff has failed to state a cognizable cause of action for discrimination.

5. A plaintiff alleging racial or ethnic discrimination may prove his case through direct evidence of such discrimination (e.g., oral or written statements by the defendant evincing a discriminatory motivation). See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121-22 (1985). In the absence of direct evidence, to establish a prima facie claim for racial or ethnic discrimination in employment or hiring under Title VII, 42 U.S.C. § 2000(e) et seq., a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for an employment position, (3) the employer rejected him despite his qualifications, and (4) he was afforded less favorable treatment than similarly situated individuals outside his class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If he makes such a prima facie case, the defendant then has the burden of identifying a legitimate non-discriminatory reason for failing to hire the plaintiff. Id. If the defendant

4

meets that burden, the plaintiff then has the burden of proving that the defendant's stated reason was pretextual and the actual reason was unlawful discrimination. Id. at 804.

6. Viewed in light most favorable to the Plaintiff, the allegations are insufficient to establish a prima facie case for racial or ethnic discrimination. Plaintiff does not identify himself as a member of a protected class, nor does he show that he was qualified for the position for which he applied. Although his application for employment does list previous positions, the most recent position appears not to have been at a restaurant. [Docket Item 1-1 at 4.] While he does list having been a bus-person for approximately four months in 2014 and a cashier at a deli, id., those experiences do not allow the Court to find a sufficient factual basis for the second prong of the prima facie case Plaintiff is required to plead under McDonnell Douglas. While he does state that he was denied employment by IHOP, he does not allege any facts regarding whether he was treated differently than a person similarly situated to himself but outside of his protected class. Plaintiff makes only a conclusory allegation that he was denied employment with IHOP because of his race, and suggests that the employer was concerned not with his ability to do the job but with his ability to communicate with other employees. Because Plaintiff has failed to plead sufficient facts supporting a prima facie

5

case of racial discrimination under the <u>McDonnell Douglas</u> framework, and because he has not identified any direct evidence of racial or ethnic discrimination in the hiring process, the Court must dismiss his claim.

7.   Having found that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

8.   Accordingly, the Court will grant the unopposed motion to dismiss by Defendant. The accompanying Order will be entered.


**March 27, 2017**                                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      Chief U.S. District Judge